# RAWLE & HENDERSON LLP



JOSHUA BACHRACH
215-575-4261
jbachrach@rawle.com

The Nation's Oldest Law Office • Established in 1783

www.rawle.com

THE WIDENER BUILDING
ONE SOUTH PENN SQUARE
PHILADELPHIA, PA 19107

TELEPHONE:(215) 575-4200
FACSIMILE:(215) 563-2583

**MEMO ENDORSED**

August 2, 2007

**VIA OVERNIGHT MAIL**

The Honorable Leonard B. Sand
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-14-07

    RE:    **American Society for Technion - Israel Institute of Technology, Inc. v
First Reliance Standard Life Insurance Company
Index No. 07 civ 3913 (LBS)**

Dear Judge Sand:

    Pursuant to your instructions at the conference which took place on July 25, 2007, we are providing you with this letter regarding two issues that were raised during the conference. The first issue concerns our willingness to submit this case to the Court on stipulated facts. The second issue concerns whether plaintiff is entitled to take depositions.

    On the first issue, defendant does not oppose submitting this case to the Court on stipulated facts. As discussed more fully below, since this action is governed by ERISA, the Court's review is limited to the Administrative Record. Therefore, the parties should be able to stipulate to the contents of the Administrative Record.

    With respect to the issue of depositions, it is defendant's position that this discovery is not permitted under Second Circuit law. The plan in this case designates First Reliance Standard as the "claims review fiduciary" and grants to First Reliance Standard "the discretionary authority to interpret the Plan and the insurance policy and to determine eligibility for benefits." Accordingly, the arbitrary and capricious standard of review will apply to this Court's review of First Reliance Standard's decision. Under the arbitrary and capricious standard, a court's review is limited to the evidence contained in the Administrative Record. *Miller v. United Welfare Fund*, 72 F. 3d 1066, 1071 (2d Cir. 1995). Under very limited circumstances, courts have allowed some discovery under the arbitrary and capricious standard of review. For example,

2119442-1

**MEMO ENDORSED**

# RAWLE & HENDERSON LLP

August 2, 2007
Page 2

courts have allowed discovery to determine whether the Administrative Record was complete and accurate. *See Harris v. Donnely*, 2000 WL 1838308 (S.D.N.Y. Dec. 12, 2000). In *Locher v. Unum Life Ins. Co.*, 389 F.3d 288, 295 (2d Cir. 2004), the Second Circuit held that a court should *not* accept additional evidence absent a showing of good cause. The Court further stated that good cause did not exist simply because the decision maker was the plan insurer. Good cause does not exist to admit additional evidence when the claimant was provided with sufficient time to submit any additional information that it wanted considered prior to the final decision. *Id*. In *Anderson v. Sotheby's, Inc*, 2005 U.S. Dist. LEXIS 9033 (S.D.N.Y. May 13, 2005), the court held that to obtain additional discovery, the party must show that there is "a reasonable chance that the requested discovery will satisfy the good cause requirement."

Based on the law cited above, Defendant does not believe that good cause exists for discovery by plaintiff. Plaintiff received a full and fair review of the claim decision and was provided with ample opportunity to submit to First Reliance Standard any new information for consideration prior to the final decision. However, in the event the court disagrees and allows depositions, First Reliance Standard will then request permission to depose a representative of the Plaintiff regarding its administration of this Plan.

Thank you for your attention to this matter.

Respectfully,

RAWLE & HENDERSON LLP

By: [signature]
Joshua Bachrach

JB/tlm

cc: David S. Pegno – via overnight delivery

**MEMO ENDORSED**

Endorsement

The Court believes it would be premature to rule on the availability of discovery prior to the filing of plaintiff's amended complaint. After the amended complaint is filed the parties should confer and submit a proposed discovery schedule. So ordered.

8/14/07   [signature] USDJ

2119442-1