Joshua Bachrach, Esquire
Rawle & Henderson LLP
Suite 4636, 46th Floor
140 Broadway
New York, NY 10005
Phone: (212) 858-7570
Fax: (212) 858-7750
*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X
AMERICAN SOCIETY FOR TECHNION—ISRAEL:
INSTITUTE OF TECHNOLOGY, INC.,           :    CASE NO.: 07 Civ 3913(LBS)
          Plaintiff,        :
                            :
    v.                       :
                            :
FIRST RELIANCE STANDARD LIFE             :
INSURANCE COMPANY,                       :
          Defendant.        :
                            :
-----------------------------------------------------------------X

### DEFENDANT'S ANSWER TO PLAINTIFF'S
### AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendant First Reliance Standard Life Insurance Company ("First Reliance Standard"), hereby answers plaintiff's Amended Complaint and asserts Affirmative Defenses as follows:

1. Admitted in part and denied part. It is admitted only that plaintiff brings this action under ERISA. It is denied that plaintiff is entitled to recover any benefits under the subject policy and it is further denied that plaintiff is entitled to recover costs and attorneys' fees. Additionally, it is denied that New York State common law applies to this action as it is pre-empted by ERISA.

2. Admitted in part and denied in part. It is admitted that since 1992, plaintiff has paid for a group life insurance policy from First Reliance Standard which covered qualified and eligible employees of the plaintiff. It is further admitted that plaintiff paid and First Reliance

Standard accepted premiums for coverage for Jason Yoskowitz as well as certain other employees of plaintiff. It is further admitted that following the death of Mr. Yoskowitz on May 2, 2006, defendant refused to pay the full amount of benefits requested by the beneficiary. It is denied that the full amount of benefits claimed is owed under the policy. Defendant further admits that the denial of the additional benefits claimed was on the grounds that it never received evidence of insurability/proof of good health for Mr. Yoskowitz. Plaintiff's averment that First Reliance Standard never requested proof of good health is denied as stated as the requirement is plainly stated in the policy. It is further denied that nothing in the policy required plaintiff or anyone else to provide proof of good health. First Reliance Standard is without knowledge or information sufficient to form a belief as to whether it requested proof of good health for another employee of plaintiff, accordingly, same is deemed denied. Each and every remaining averment in this paragraph is also denied.

3. Admitted.

4. Denied as stated as plaintiff's second claim is pre-empted by ERISA.

5. Admitted.

6. Admitted upon information and belief.

7. Admitted.

8. Admitted.

9. Denied as stated as the policy is a document, the contents of which speak for themselves.

10. Admitted in part and denied in part. It is admitted only that Mr. Yoskowitz was a senior vice president of plaintiff. The remaining averments in this paragraph are denied.

11. Admitted in part and denied in part. It is admitted only that Mr. Yoskowitz

passed away on May 2, 2006 and at the time of his death his salary was $286,000. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph regarding the contents of the employment agreement and defendant further denies that is bound by the terms of the employment agreement. It is further denied that Mr. Yoskowitz was eligible for death benefits from defendant in the amount of $758,000.

12. Denied as stated. By way of further response, this plan is self-administered and it is the responsibility of plaintiff to make sure that it is paying premiums only for those individuals who are qualified. It is also plaintiff's responsibility to obtain proof of good health when needed and submit it to First Reliance Standard. Plaintiff failed to do so here.

13. Admitted in part and denied in part. It is denied that nothing in the policy required Mr. Yoskowitz or plaintiff to provide evidence of insurability or proof of good health prior to the additional coverage becoming effective. It is further denied that the language in the policy only permitted First Reliance Standard to seek evidence of a person's proof of good health. The policy specifically states that the individually insurance does not go into effect until First Reliance Standard approves any required proof of good health. The remaining averments are admitted.

14. Admitted in part and denied in part. It is admitted only that plaintiff appealed First Reliance Standard's decision in a letter dated September 27, 2006. Plaintiff's characterizations of that letter are denied as stated as the letter is a document, the contents of which speak for themselves.

15. Admitted. By way of further response, First Reliance Standard instructed plaintiff to deduct from future invoices the amount of premiums improperly paid on behalf of Mr. Yoskowitz.

16. Admitted in part and denied in part. It is admitted only that First Reliance Standard accepted certain premiums for coverage between 1995 and 2006. It is further admitted that First Reliance Standard did not request medical information on the employees as this is a self-administered plan and the employer is fully responsible for enrollment and for providing Reliance Standard with proof of good health when necessary. The remaining averments in this paragraph are denied as stated.

17. Denied.

18. Denied.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

## COUNT I

20. Defendant incorporates herein by reference its answers to paragraphs 1 through 19 of the Amended Complaint as though the same were set forth here in full.

21. Admitted.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

23. Admitted. By way of further response, the coverage under this plan is self-administered by plaintiff and it was plaintiff's responsibility to enroll and pay premiums only for qualified individuals and to provide enrollees with proof of good health forms when required and return them to First Reliance Standard prior to the approval of the coverage.

24. Denied.

25. Denied as a legal conclusion. By way of further response, it is denied that there is any ambiguity in the subject language.

26. Admitted.

27. Denied as stated. It is admitted only that First Reliance Standard has denied additional benefits requested by plaintiff. It is denied that any additional benefits are owed under the policy or that defendant has violated ERISA.

28. Denied.

## COUNT II

29. Defendant incorporates herein by references its answers to paragraphs 1 through 28 of the Amended Complaint as though the same were set forth here in full.

30. Admitted. By way of further response, coverage is only provided in accordance with the terms and conditions set forth in the policy.

31 – 34, inclusive. Denied.

35. Defendant admits that to the extent that any premiums were improperly paid to it, they are owed to plaintiff. Defendant previously told plaintiff to deduct from future billing statements the amount of premiums that were improperly paid by plaintiff.

36. Denied.

WHEREFORE, defendant First Reliance Standard Life Insurance Company denies liability to plaintiff and requests that the Court enter judgment in its favor affirming the denial of benefits and awarding to defendant its fees and costs together with such other equitable relief that the Court deems fair and just.

## AFFIRMATIVE DEFENSES

1. Plaintiff is not entitled to a jury trial under ERISA.

2. Plaintiff's state law claims are pre-empted by ERISA.

3. Plaintiff's complaint fails to state a claim against defendant.

4. No additional benefits are owed under the terms of the subject policy.

5. Plaintiff and/or the beneficiary received the full amount of benefits owed under the subject Policy.

6. To the extent that the named beneficiary suffered any losses, which is denied, they were due solely to the conduct, errors and omissions of plaintiff.

7. The coverage at issue in this lawsuit is self-administered by plaintiff.

8. Plaintiff failed to properly administer the enrollment of the Plan.

9. Under the terms of the Policy, amounts of basic insurance over $360,000.00 are subject to First Reliance Standard's approval of a person's good health.

10. Under the terms of the Policy, individual insurance does not become effective until First Reliance Standard approved any required proof of good health.

11. Plaintiff failed to provide First Reliance Standard with proof of good health for Mr. Yoskowitz.

12. Plaintiff submitted proof of good health for at least one other employee but failed to submit the information for Mr. Yoskowitz.

13. Any and all state law claims of plaintiff are pre-empted by ERISA.

14. Plaintiff lacks standing to bring this lawsuit.

15. No additional benefits are owed because the beneficiary has been paid in full.

WHEREFORE, defendant First Reliance Standard Life Insurance Company denies liability to plaintiff and requests that the Court enter judgment in its favor affirming the denial of benefits and awarding to defendant its fees and costs together with such other equitable relief that the Court deems fair and just.

Dated:  September 27, 2007                 _____
                                           Joshua Bachrach, Esquire
                                           Rawle & Henderson LLP
                                           Suite 4636, 46th Floor
                                           140 Broadway
                                           New York, NY 10005
                                           Phone:  (212) 858-7570
                                           Fax:  (212) 858-7750
                                           *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned counsel for Defendants, First Reliance Standard Life Insurance Company, hereby certifies that on this date a true and correct copy of the Defendant's Answer to Plaintiff's Amended Complaint with Affirmative Defenses was served by first class mail, postage prepaid, to the following:

David S. Pegno
Dewey Pegno & Kramarsky LLP
220 East 42nd Street
New York, NY 10017

Dated: September 27, 2007    By: _____

Joshua Bachrach, Esquire
Rawle & Henderson LLP
Suite 4636, 46th Floor
140 Broadway
New York, NY 10005
Phone: (212) 858-7570
Fax: (212) 858-7750
*Attorneys for Defendant*